UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JENNINGS DAUGHERTY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 2:16-cv-309-WTL-DKL |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Order (1) Dismissing Claim under Indiana Law as Insufficient,
(2) Dismissing Claim Based on United States Sentencing Guidelines as Insufficient,
and (3) Directing Petitioner to File Supplement to Petition for Writ of Habeas Corpus**

**I.**

Jennings Daugherty challenges the 33 year sentence imposed following his convictions in the Wayne Superior Court for two counts of being a serious violent felon in possession of a firearm and one count of intimidation. *See Daugherty v. State*, 948 N.E.2d 868 (Ind.Ct.App.), *transfer granted, opinion vacated*, 962 N.E.2d 642 (Ind. 2011), *vacated*, 955 N.E.2d 730 (Ind. 2011). He seeks relief pursuant to 28 U.S.C. § 2254(a), asserting that the sentence is unlawful.

The scope of federal habeas review is limited. A federal court may grant habeas relief to a petitioner "*only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2254(a)(emphasis added)). "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010) (internal citations and quotations omitted).

Daugherty's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Where a claim has been adjudicated on the merits in state court, habeas relief is available under the deferential AEDPA standard only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Daugherty was notified of the AEDPA standard as just noted and was directed to supplement his habeas petition to suggest the presence of one or more claims which satisfy the AEDPA standard. He has responded with his filing of August 25, 2016.

## II.

Daugherty's filing of August 25, 2016 presents two themes. The first theme is that the trial court violated state law concerning the imposition of consecutive sentences. The second theme is that the trial court also violated the United States Sentencing Guidelines in imposing Daugherty's sentence.

### A.

The claim that the trial court violated Indiana state law in imposing consecutive sentences is summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. The reason for the dismissal of this claim is that "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted). Thus, "[t]o say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal

issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Additionally, "a court does not have 'pendent' jurisdiction over non-cognizable habeas claims." *Virsnieks v. Smith,* 521 F.3d 707, 721 (7th Cir. 2008)(citing *Kaminski v. United States,* 339 F.3d 84, 88 (2d Cir. 2003)); *see also Hoover v. Franzen*, 669 F.2d 433, 443-44 (7th Cir. 1982).

No partial final judgment shall issue at this time as to the dismissal of the claim just discussed.

**B.**

The second theme or argument presented in the petitioner's response is that the imposition of consecutive sentences also violated the *United States Sentencing Guidelines*. This argument is misplaced and will not support the relief which is sought, however, because those *Guidelines* regulate sentencing policies and practices for the *Federal* criminal justice system," 28 U.S .C. § 991(b)(1)(emphasis added), and "[n]o provision was made for application of the guidelines in state courts." *Hundsdorfer v. Stewart*, 2009 WL 1783436, at *11 (D.Ariz. June 18, 2009); *see also Government of Virgin Islands v. Bowling,* 866 F.2d 610, 614 (3rd Cir. 1989)("the legislative history is replete with references to 'Federal system,' 'Federal judges,' 'Federal offenders,' 'Federal criminal cases,' 'Federal criminal justice system,' 'Federal Courts,' 'Federal sentencing law.'").

Any claim based on the argument just discussed is likewise summarily dismissed as legally insufficient, and no partial final judgment shall issue at this time as to the dismissal of such claim.

**III.**

The arguments Daugherty has presented do not warrant the relief he seeks. As explained, therefore, the claims based on those arguments are dismissed. He shall have **through October 14,**

**2016** in which to **further supplement** his petition for writ of habeas corpus by setting forth a viable claim for relief. Any claim which is stated, moreover, must conform to the AEDPA standard reviewed in Part I of this Entry. This means that as to any claim decided on the merits by the Indiana state courts the supplemental petition for writ of habeas corpus must state whether and how the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," and/or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

    IT IS SO ORDERED.

Date: 9/9/16

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JENNINGS DAUGHERTY
961303
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
CARLISLE, IN 47838