UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JENNINGS DAUGHERTY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:16-cv-00309-WTL-MPB |
| SUPERINTENDENT Wabash Valley Correctional Facility, | ) ) ) ) |
| Respondent. | ) ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jennings Daugherty is serving a 30-year sentence for his 2010 Wayne County, Indiana convictions for intimidation, operating a vehicle while intoxicated, and two counts of possession of a firearm by a serious violent felon. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Daugherty's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Factual and Procedural Background**

On April 19, 2010, after a bench trial, a state trial court found Mr. Daugherty guilty of carrying a handgun without a license, intimidation, operating a vehicle while intoxicated, and two counts of possession of a firearm by a serious violent felon ("SVF"). On July 20, 2010, the State requested permission to amend its habitual offender allegation by replacing two of Mr. Daugherty's alleged felony convictions with different felony convictions because the State subsequently learned that the two alleged felony convictions had previously been reversed by the Indiana Supreme Court. The trial court granted the State's request. Mr. Daugherty subsequently admitted to being a habitual offender. At sentencing, the State moved to set aside the Class C

felony of carrying a handgun without a license conviction out of concerns of double jeopardy. On September 13, 2010, the trial court imposed a three-year sentence for the intimidation conviction that was to run concurrently to a one-and-one-half-year sentence for the operating a vehicle while intoxicated conviction, but consecutively to the two consecutive fifteen-year sentences for each of the SVF convictions. The trial court enhanced Mr. Daugherty's sentence by an additional twenty years as a result of his status as a habitual offender, for an aggregate fifty-three-year sentence.

Mr. Daugherty filed an appeal raising four grounds: (1) multiple SVF convictions violated double jeopardy; (2) his sentence was inappropriate; 3) the trial court erred by allowing the State to amend the habitual offender counts; and 4) the trial court erred by denying his motion to suppress. On May 9, 2011, the Indiana Court of Appeals affirmed Mr. Daugherty's conviction and sentence. Mr. Daugherty sought further review by the Indiana Supreme Court on the double jeopardy grounds. The Indiana Supreme Court denied transfer on October 26, 2011.

On October 29, 2012, Mr. Daugherty filed a *pro se* petition for state post-conviction relief. Mr. Daugherty was appointed counsel, who filed an amended petition for state post-conviction relief. Prior to the hearing, the parties agreed to vacate Mr. Daugherty's habitual offender finding and resulting enhanced sentence. The trial court reduced Mr. Daugherty's aggregate sentence to 33 years. Following the hearing, the trial court denied Mr. Daugherty's petition on September 3, 2015.

Mr. Daugherty filed an appeal on the grounds that his appellate counsel was ineffective for failing to raise two issues: (1) whether his consecutive sentences for his two SVF convictions constituted an impermissible double enhancement; and (2) whether his aggregate sentence exceeded the statutory limitation for consecutive sentences arising out of a single episode of criminal conduct. The Indiana Court of Appeals denied the first claim finding that consecutive

sentences for multiple counts of SVF were not impermissible double enhancements, but granted his second claim finding that his crimes were all from a single episode of criminal conduct, and therefore his sentence could not exceed the advisory sentence for a felony which is one class of felony higher than the most serious of the felonies for which he was convicted – thirty years. Because his counsel failed to raise the second ground on direct appeal, the court concluded his counsel was ineffective as to the second ground. However, the court concluded his counsel was not ineffective as to the first ground as he could not have been granted relief even if his counsel had raised an impermissible double enhancement argument. The Indiana Court of Appeals remanded the case to the trial court to order a sentence that did not exceed thirty years. Mr. Daugherty sought review from the Indiana Supreme Court, but that court denied transfer on June 23, 2016. Mr. Daugherty was resentenced to thirty years by the trial court on September 20, 2016.

On August 2, 2016, Mr. Daugherty filed this petition for a writ of habeas corpus.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Daugherty's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and

demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

Where a claim has been adjudicated on the merits in state court, habeas relief is available under the deferential AEDPA standard only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696 (7th Cir. 2003)). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

Furthermore, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). This doctrine is premised on the rule that federal

courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state-law ground precluding review by a federal habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315. Therefore, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

### III. Discussion

Mr. Daugherty asserts that (1) his appellate counsel was ineffective by failing to argue that his consecutive sentences for his SVF convictions constituted an impermissible double enhancement; and (2) the Indiana Court of Appeals was unreasonable when it correctly identified the merits of Mr. Daugherty's issue but improperly applied the governing legal rule for progressive-penalty convictions. Dkt. No. 13. Respondent argues that Mr. Daugherty's claims are not cognizable as his challenges are based on Indiana state law.

His first ground of ineffective counsel was previously raised in his petition for post-conviction review. On April 5, 2016, the Indiana Court of Appeals held as follows:

> Because Daugherty's single underlying felony conviction served as an element in each SVF count, not as an enhancement, and because each SVF count was a separate and distinct offense, we conclude that the imposition of two sentences for two counts of unlawful possession of a firearm by an SVF to run consecutively was not an improper double enhancement under Indiana law and the circumstances of this case. Further, there was no reasonable probability that the result of the proceeding would have been any different even if appellate counsel would have made the claim. As such, we cannot conclude that Daugherty's appellate counsel was ineffective for failing to raise the double enhancement claim.

*Daugherty v. State*, 52 N.E.3d 885, 892 (Ind. Ct. App. 2016)

*Strickland v. Washington,* 466 U.S. 668, 684 (1984), supplies the clearly established federal law, as determined by the Supreme Court of the United States that governs a claim of ineffective assistance of counsel.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014) (parallel citations omitted). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. This Court must give "double deference" to the state court's ruling on ineffective assistance of counsel claims because habeas review under AEDPA requires a habeas court to give the state court and the defense attorney the benefit of the doubt. *Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015).

The Indiana Court of Appeals recognized the *Strickland* standard. *Daugherty,* 52 N.E.3d at 890. It wrote that:

> there was no reasonable probability that the result of the proceeding would have been any different even if appellate counsel would have made the claim. As such, we cannot conclude that Daugherty's appellate counsel was ineffective for failing to raise the double enhancement claim.

*Daugherty*, 52 N.E.3d at 892.

This assessment—resting on the prejudice prong of a claim of ineffective assistance of counsel—is compatible with the federal *Strickland* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy*

*v. Cross,* 132 S. Ct. 490, 495 (2011). Accordingly, Mr. Daugherty is not entitled to habeas relief on this ground.

As to his second ground, the Indiana Court of Appeals' ruling on double enhancement which was based solely on Indiana state criminal laws does not support a cognizable claim under 28 U.S.C. § 2254(a). *See Samuel*, 424 F.3d at 574. Because Mr. Daugherty fails to identify any unreasonable application of clearly established federal law and his argument is based solely on an alleged violation of Indiana law, he is not entitled to habeas corpus relief on this ground.

## IV. Conclusion

This Court has carefully reviewed the state record in light of Mr. Daugherty's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits.

Having applied the appropriate standard of review, and having considered the pleadings and the record, Mr. Daugherty's petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/8/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JENNINGS DAUGHERTY
961303
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov